SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB #965128**
Assistant United States Attorney
Scott.Kerin@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00351-AN** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **EDUARDO MISAEL GARCIA-SANCHEZ,** | |
| **Defendant.** | |

The government asks the Court to impose a sentence of 140 months' imprisonment, to be followed by a four-year term of supervised release.

The defendant, a Career Offender, was selling fentanyl, and incredibly addictive, destructive, and deadly poison that has been devastating our community. He comes before the Court with two prior convictions for distributing drugs in California and qualifies as a "Career Offender" under the United States Sentencing Guidelines, a designation created to implement the Congressional mandate to "assure that certain 'career' offenders receive a sentence of imprisonment 'at or near the maximum term authorized.'" USSG § 4 B1.1, comment (backg'd). Given the nature of the case, defendant's advisory sentencing guidelines, the societal harm

**Government's Sentencing Memorandum**                                     **Page 1**

caused by both fentanyl, and the defendant's personal history and characteristics, the government believes the requested sentence is both reasonable and justified.

The defendant will also very likely be deported again to Mexico as a result of his conviction.

**A.      Summary of Proceedings.**

On May 12, 2026, the defendant pled guilty to Count 1 of the Indictment which charged him with Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B).  The maximum sentence the Court may impose is a term of 40 years' imprisonment, a fine of $5,000,000, and at least four years of supervised release.  There is a mandatory minimum sentence of five years' imprisonment.  The count of conviction carries a $100 fee assessment.

A Presentence Report (PSR) has been completed.  The government has no objection to the PSR and believes the facts underlying the defendant's count of conviction (PSR ¶¶ 23 - 40), Sentencing Guideline calculations (PSR ¶¶ 45 - 54), and criminal convictions (PSR ¶¶ 57 - 58) are accurately outlined in both the PSR and plea agreement.

In his plea agreement defendant admitted that:

> [O]n or about August 5, 2025, here within the District of Oregon, he stopped while driving a vehicle in which he was the sole occupant.  The defendant was on his way to complete a drug deal.  Inside the vehicle investigators found approximately 120 grams of fentanyl and approximately 51 grams of heroin.  Trained drug investigators would also testify that the amount of fentanyl seized indicated it was possessed for purposes of further distribution.  Fentanyl is a Schedule II controlled substance.

Plea Agreement ¶ 6.

**Government's Sentencing Memorandum**                                                              **Page 2**

This case was investigated by the FBI and Clackamas County Interagency Drug Task Force (CCITF).

**B.      Sentencing Guideline Calculations.**

The Court, "in determining the particular sentence to be imposed," is required to consider the "sentencing range established" by the United States Sentencing Guidelines.  18 U.S.C. § 3553(a)(4).  "The Guidelines are 'the starting point and the initial benchmark,'. . . and are to be kept in mind throughout the process."  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)).  "All sentencing proceedings are to begin by determining the applicable Guideline range."  *Id*.

**Initial Base Offense Level**
**(24)**

The parties agree that, based upon the amount of fentanyl and heroin seized, defendant's initial Base Offense Level is 24, pursuant to USSG §§ 1B1.3 and 2D1.1(a).  PSR ¶ 50, Plea Agreement ¶ 8.

**Career Offender Designation**
**(Adjustment to Offense Level 34 and Criminal History Category VI)**

Based upon his criminal history, which includes two prior convictions for controlled substance offenses, and the nature of the current charges, the defendant qualifies as a Career Offender and his base offense level receives an upward adjustment to 34 and his Criminal History Category becomes VI, pursuant to USSG § 4B1.1.  PSR ¶ 51, Plea Agreement ¶ 11.

/ / / /

/ / / /

/ / / /

**Government's Sentencing Memorandum**                                    **Page 3**

**Acceptance of Responsibility**
**(three-level reduction)**

Based upon defendant's guilty plea and acceptance of responsibility, pursuant to USSG § 3E1.1, the parties ask that the Court grant the defendant a three-level reduction in his offense level.  PSR ¶¶ 52 - 53, Plea Agreement ¶ 12.

**3553(a) Downward Variance**
**(three-levels)**

Pursuant to 18 U.S.C. § 3553(a), based upon the nature of the offense, the history and characteristics of the defendant, defendant's indication at an early stage in the proceedings about his desire to resolve his case, how similarly situated defendants have been handled by the U.S. Attorney's Office and the courts, and to achieve a fair and just resolution of the case, the government will recommend that the Court to grant the defendant a three-level downward variance in his overall offense level.  Plea Agreement ¶ 13.

**Government's Estimated Sentencing Guideline Range**

The government's initial Sentencing Guideline calculations results in an Adjusted Offense Level of 28, a Criminal History Category of VI, and an advisory sentencing guideline range of 140 to 175 months' imprisonment.

Defendant is in custody.

**C.      Government's Recommended Sentence.**

After a review of the PSR, the nature of the offense, defendant's criminal history and Career Offender designation, and his personal history and characteristics, we ask the Court to impose a sentence of 140 months' imprisonment, to be followed by a four-year term of supervised release.

The defendant was involved in the distribution of fentanyl, one of the most addictive, destructive, and deadly poisons that has been devastating the community. According to law enforcement:

> Fentanyl and methamphetamine remain the primary drug threats, affecting community livability and contributing to drug-related overdose deaths and criminal activity, including crimes against persons and property in the HIDTA region. In 2023, fentanyl was linked to 75.9% of overdose deaths in Oregon and 51% in Idaho. Methamphetamine was present in 63.5% of Oregon's overdose deaths and 38% of Idaho's. Together, these two substances accounted for 41.3% of overdose fatalities in both states.

OREGON-IDAHO HIGH INTENSITY DRUG TRAFFICKING AREA (HIDTA) 2026 THREAT ASSESSMENT, 2025, at 5 (https://oridhidta.org/reports).

Defendant's crime is very serious. The defendant was dealing fentanyl and fentanyl kills, even in small amounts. The death toll from fentanyl is truly frightening. For Americans aged 18 to 45, overdoses – primarily the result of illicit fentanyl – remain the leading cause of death. *CDC Reports Nearly 24% Decline in U.S. Drug Overdose Deaths*, CDC Newsroom (Feb. 25, 2025); *DEA Administrator on Record Fentanyl Overdose Deaths,* Get Smart About Drugs (August 17, 2024). In 2022, within the United States, fentanyl was responsible for an average of more than 200 deaths every day and a total of 73,654 people died from fentanyl overdoses. *Are Fentanyl Overdose Deaths Rising in the U.S.*, USAFACTS (Sept. 27, 2023). Here in Oregon, between 2015 and 2021, Oregon experienced a 932% increase in fentanyl overdose deaths. *Fentanyl by State Report*, Families Against Fentanyl (Feb. 4, 2023). In 2022, Oregon alone experienced a total of 839 fentanyl related overdose deaths. Oregon Health Authority Oregon Department of Education Fentanyl & Opioid Response Toolkit for Schools (January 2024). In 2023, within Oregon there were 1,833 overdose deaths, and of those 1,272 were the result of synthetic opioids, such as illicit fentanyl. *Oregon Overdose Prevention Dashboard*, Oregon

Health Authority (May 1, 2025). In 2023, "Oregon had the highest rate of increase in fentanyl deaths in the nation with a one-year increase of more than 67[%], compared to a national average of 5[%]." *Oregon, Washington see largest increases in fentanyl deaths since last year*, KPTV 12 (Sept. 26, 2023).

Even with the most recent decreases in overdose deaths, both nationally and in Oregon, "[f]entanyl continues to be the primary cause of drug overdose deaths in the United States," to include here within Oregon. *Fentanyl Continues to Be the Leading Cause of Overdose Deaths. What's Being Done to Combat Trafficking into the United States?,* WatchBlog: Following the Federal Dollar, U.S. Government Accountability Office (Sept. 4, 2025); *Oregon overdose deaths are down, CDC data shows,* Oregon Health Authority (May 16, 2025) (While "Oregon's overdose deaths decreased 22% between December 2023 and December 2024, a trend similar to that experienced nationwide . . . The count is still much higher than pre-pandemic years, with 1,480 deaths within that one-year time span, CDC data show."); *U.S. Overdose Deaths Decrease Almost 27% in 2024,* National Center for Health Statistics, U.S. Centers for Disease Control and Prevention (CDC) (May 14, 2025)( https://www.cdc.gov/nchs/pressroom/releases/20250514) (in 2024 "there were there were an estimated 80,391 drug overdose deaths in the United States – a decrease of 26.9% from the 110,037 deaths estimated in 2023" and of those deaths, in 2023, 76,282 involved synthetic opioids (fentanyl) and in 2024, 48,422 involved synthetic opioids (fentanyl)).

Furthermore, the defendant comes before the Court with two prior felony drug dealing convictions – convictions for which he was imprisoned but which did not appear to deter him from continuing to deal drugs. In 2016, in California, the defendant was convicted for selling cocaine. PSR ¶ 57. In 2018, in California, the defendant was convicted for selling heroin. PSR

**Government's Sentencing Memorandum**                                                                                   **Page 6**

¶ 58.  In 2016, in California, the defendant was arrested twice on separate felony drug crimes. PSR ¶¶ 61 – 62.  In 2024, the defendant was arrested in California for unlawfully entering the county and sent back to Mexico.  PSR ¶ 63.

The defendant's prior felony drug dealing convictions qualify him as a Career Offender under the Sentencing Guidelines.  As noted above, the Career Offender designation was created to implement the Congressional mandate to "assure that certain 'career' offenders receive a sentence of imprisonment 'at or near the maximum term authorized'" and to "assure consistent and rational implementation for the [Senate] Committee's view that substantial prison terms should be imposed on repeat violent offenders and repeat drug traffickers."  USSG § 4 B1.1, comment (backg'd).  A sentence of 140 months' imprisonment achieves that directive.

Accordingly, after evaluating the competing sentencing factors outlined in 18 U.S.C. § 3553(a) which include the nature and circumstances of the offense; the defendant's characteristics; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to provide just punishment for the offense; the need to protect the public from further crimes of the defendant; and, the need to provide the defendant with needed training or other corrective treatment, we believe a sentence of 140 months' imprisonment is reasonable.  We ask the Court to impose it, to be followed by a four-year term of supervised release.

There is an appeal waiver.

/ / / /

/ / / /

/ / / /

**Government's Sentencing Memorandum**                                                      **Page 7**

Following his sentencing the defendant will likely once again be deported to Mexico.

Dated: August 7, 2026.                          Respectfully submitted,

                                                SCOTT E. BRADFORD
                                                United States Attorney

                                                /s/ *Scott Kerin*

                                                SCOTT M. KERIN, OSB #965128
                                                Assistant United States Attorney